## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| **ROBERT ALLAN CALL,** | ) |
| **Plaintiff,** | ) |
| v. | ) CIVIL ACTION NO. 5:11-00021 |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner of Social Security,** | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND JUDGMENT ORDER

This is an action seeking review of the final decision of the Commissioner of Social Security denying Plaintiff's Application for social security benefits. The parties have consented to jurisdiction before the undersigned United States Magistrate Judge. (Document Nos. 6 and 7.) Plaintiff filed his Complaint in this matter on January 10, 2011. (Document No. 1.) On January 21, 2011, Plaintiff filed a further Complaint and an Application to Proceed Without Prepayment of Fees and Costs. (Document Nos. 4 and 5.) By Order entered April 13, 2011, the undersigned granted Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, directed the Clerk of Court to issue the Summonses, and directed Plaintiff to serve the Summonses and Complaint on Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure. (Document No. 8.) In the absence of an Answer from the Defendant and evidence that Plaintiff served the Summonses and Complaint on the Defendant, the Court entered a Notice on August 26, 2011, advising Plaintiff that this civil action would be dismissed without prejudice unless he demonstrated good cause within ten days of entry of the order as to why he had not effected service of process upon the Defendant within 120 days of filing of the Complaint. (Document No. 10.) Plaintiff has neither responded to the Court's Order

nor demonstrated good cause for his failure to serve the Defendant.

Pursuant to Rule 41(b) of the Federal Rules of Civil Procure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* Plaintiff's failure to prosecute *sua sponte*.[1] See Link v. Wabash Railroad Co., 370 U.S. 626, 630-31, 82 S.Ct. 1389, 1388, 8 L.Ed.2d 734 (1962).

Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case" in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

(i) the degree of personal responsibility of the plaintiff;
(ii) the amount of prejudice caused the defendant,
(iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
(iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). In consideration of the first three factors, the

---

[1] Rule 41(b) of the Federal Rules of Civil Procedure provides:

(b) **Involuntary Dismissal; Effect**. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under rule 19 - operates as an adjudication on the merits.

Court finds that the delays in this case are attributable solely to the Plaintiff as the Defendant has not been required to make an appearance in this action. Pursuant to 28 U.S.C. § 1915, federal courts may authorize the commencement of a *pro se* Plaintiff's civil action *informa pauperis* upon the *pro se* litigant's filing an Application to so proceed, together with an Affidavit stating the nature of the action and the Plaintiff's belief that he is entitled to redress. 28 U.S.C. § 1915(a)(1) (2012). "Section 1915 is intended to allow qualified litigants to proceed without having to advance the fees and costs associated with litigation." DeBlasio v. Gilmore, 315 F.3d 396, 398 (4th Cir. 2003). The Court granted Plaintiff's Application to Proceed Without Prepayment of Fees and Costs and directed Plaintiff to serve the Summonses and Complaint on Defendant, which he failed to demonstrate that he did. Plaintiff, therefore, is the sole cause of the delays in this action. With respect to the second and third factors, although the record is void of further evidence indicating that Plaintiff has a history of "deliberately proceeding in a dilatory fashion," the Court does not find that the named Defendant will be prejudiced by dismissal of Plaintiff's Complaint.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Plaintiff would be futile in view of Plaintiff's failure to pay the filing fee. Moreover, explicit warnings of dismissal would be ineffective in view of Plaintiff's failure to respond to the undersigned's Order entered approximately eight months ago advising Plaintiff that the undersigned would dismiss the civil action if Plaintiff failed to demonstrate good cause for his failure to serve the Summonses and Complaint on the Defendant. (Document No. 10.) Accordingly, the undersigned has determined that this action should be

3

dismissed without prejudice unless Plaintiff is able to show good cause for his failure to prosecute.

Accordingly, for the reasons stated herein, it is hereby **ORDERED** that this civil action is **DISMISSED without prejudice**, pursuant to Federal Rule of Civil Procedure 41(a)(2), for Plaintiff's failure to prosecute. The Clerk is directed to remove this action from the docket of the Court.

The Clerk is directed to file this Judgment Order and send a certified copy of the same to Plaintiff and to counsel of record.

ENTER: May 1, 2012.

R. Clarke VanDervort
United States Magistrate Judge